UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CHARLES WEISSINGER, )
 )
    Petitioner, )
 )
vs. ) Case No. 1:08CV118 CDP
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## **MEMORANDUM AND ORDER**

Movant Charles Weissinger brings this action under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. The motion will be summarily denied.

### Background

On November 27, 2006, Weissinger entered a plea of guilty to a single-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Case No. 1:06CR132 CDP. The indictment alleged that he had three prior burglary convictions, and it specifically charged him under the Armed Career Criminal provisions of 18 U.S.C. § 924(e). He was thus facing a mandatory minimum sentence of fifteen years. In his written plea agreement, Weissinger stated that he was "fully satisfied with the representation he received from defense counsel," and that he was giving up his right to file a

post-conviction motion under § 2255 for all claims except prosecutorial misconduct or ineffective assistance of counsel.

The Presentence Investigation Report (PSR) determined that Weissinger had seventeen prior convictions. Seven of those were too old to be assessed criminal history points under U.S.S.G. § 4A1.2(c).[1] Ten were within the sentencing guidelines time period, and each of those carried three points, so the subtotal criminal history score was 30. Two points were added because Weissinger committed the offense less than two years after his release from custody. U.S.S. G. § 4A1.1(e). This score of 32 would have resulted in Weissinger's being in criminal history category VI. Because he was an Armed Career Criminal under 18 U.S.C. § 924(e), however, he was in criminal history category VI anyway, under U.S.S.G. § 4B1.4(c). Additionally, because Weissinger was an Armed Career Criminal, his total offense level (after the reduction for acceptance of responsibility) was 31. His sentencing guidelines range based on offense level 31 and criminal history category VI was 188 to 235 months. He was subject to an undischarged term of imprisonment in state court, so under U.S.S.G. § 5G1.3(c) I had the option of running the federal sentence either concurrently or consecutively to that state court sentence.

---

[1] All citations are to the sentencing guidelines effective November 1, 2006, under which Weissinger was sentenced.

At the sentencing hearing on February 12, 2007, I asked Weissinger whether he had gone over the PSR and discussed it with his lawyer and he told me he had. I asked if there were any objections he wanted his lawyer to raise to the PSR and he told me there were not. I then adopted the findings and conclusions of the PSR, and, after considering all the factors set out in 18 U.S.C. § 3553(a), sentenced Weissinger to 235 months, which was the top of the advisory guidelines range. I agreed to his counsel's request to run the sentence concurrently with the undischarged state sentence.

Weissinger appealed, and the Court of Appeals affirmed in a *per curiam* opinion. *United States v. Weissinger*, Case No. 07-1578 (8th Cir. Feb. 5, 2008). On appeal Weissinger argued that his prior burglary convictions should not be considered violent felonies within the meaning of 18 U.S.C. § 924(e), and he argued that his sentence was unreasonable. The Court of Appeals rejected both of these arguments.

On July 31, 2008, Weissinger filed this *pro se* motion to vacate under 28 U.S.C. § 2255. As his basis for § 2255 relief, Weissinger alleges that he received ineffective assistance of counsel in two ways: (1) counsel failed to contest whether he was properly classified as an Armed Career Criminal, pursuant to § 924(e) and United States Sentencing Guidelines § 4B1.4 (U.S.S.G.); and (2)

counsel failed to contest the use of convictions that were more than fifteen years old for the determination of whether he was an Armed Career Criminal.

Discussion

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. U.S. Const. 6th Am. The United States Supreme Court has further recognized that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland* requires that for a convicted felon to prove ineffective assistance of counsel, he must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687. The defendant must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Rodgers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). Judicial scrutiny of an attorney's performance is highly deferential and courts employ a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Second, in order to prove ineffective assistance of counsel, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694; *Rogers*, 1 F.3d at 700.

## Ground One

Under Ground One of his § 2255 petition, Weissinger claims that the Government failed to meet its burden of showing that he had three prior violent felonies, and that a reasonably competent attorney in similar circumstances would have contested his classification as an Armed Career Criminal.

The Eighth Circuit Court of Appeals, applying plain error review, ruled that the prior burglary convictions were crimes of violence and that Weissinger was properly subject to the enhanced penalties under 18 U.S.C. § 924(e). Weissinger cannot challenge this on a § 2255 motion, as it has already been conclusively determined against him. To the extent he is alleging that his counsel was ineffective for not demanding additional proof or for not raising these challenges in the district court, he has failed to show that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced in any way.

At his guilty plea, Weissinger admitted that he had the three prior burglary convictions that were alleged in the indictment. His sworn statements under oath were all the proof required. Section 924(e)(2)(B)(ii) specifically lists "burglary" as a violent felony. Additionally, a person has been convicted of burglary for the purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of definition or label, having basic elements of unlawful or unprivileged entry into,

or remaining in, a building or structure, with intent to commit a crime. *Taylor v. United States*, 495 U.S.575, 599 (1990).

Weissinger actually had six prior violent felony convictions: five for burglary and one for resisting arrest. Weissinger did not object to the PSR's conclusion that he had these prior convictions, and even now he has not alleged that he does not actually have these prior convictions. Counsel is not ineffective for failing to raise meritless arguments, and I will deny Weissinger's first claim for relief.

## Ground Two

Under Ground Two of his § 2255 petition, Weissinger claims that counsel was ineffective and his due process rights were violated "when the Government went back mroe than fifteen (15) years, in violation of § 4A1.2(e)(1)(2), to justify sentencing the petitioner pursuant to Title 18 U.S.C. § 924(e)." Counsel was not ineffective for failing to raise this meritless argument. Weissinger is confusing the sentencing guidelines applicable in other cases with the Armed Career Criminal statute and the guidelines applicable to convictions under the act.

U.S.S.G. § 4A1.2(e) provides that, in calculating criminal history, the court is not to count convictions under which the last date of imprisonment is more than 15 years from the date of the current federal offense. This provision was correctly

applied in the PSR, and was used to exclude Weissinger's seven old convictions from the calculation of his criminal history score that would have applied had he not been an Armed Career Criminal. The Armed Career Criminal statute, however, has no such limitations, and 4B1.4 is the guideline provisions that applies to Weissinger's conviction. *See* U.S.S.G. § 4B1.4, Application Note 1. Weissinger was properly classified as an Armed Career Criminal, and counsel was not ineffective for failing to raise this meritless argument.

## Certificate of Appealability

As Weissinger has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. 28 U.S.C. §2253(c); *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Charles Weissinger's the motion to vacate, set aside or correct sentence [#1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                                                                          _____
                                                                                           CATHERINE D. PERRY
                                                                                           UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2009.